MARY J. BUCKINGHAM ET AL. *v.* C. M. WESSON, ADMIN-
ISTRATOR, ET AL., AND C. M. WESSON, ADMINISTRATOR,
ET AL. *v.* MARY J. BUCKINGHAM ET AL.

1. CROSS-BILL. *Its office. Defensive matter.*
   A cross-bill which presents no ground for relief, but sets up a claim
   purely defensive fully asserted in the answer, is demurrable.

2. NEWLY DISCOVERED EVIDENCE. *Diligence.*
   The fact that the executrix of a surety on a note has, since judgment
   thereon, found a receipt among old papers, disclosing a payment by
   the principal of which she did not know at the trial, is not sufficient
   to obtain in equity a credit on the judgment.

3. POWER OF SALE IN WILL. *Mode of executing.*
   An executrix whom the will empowers to sell land, without indicating
   in what way or on what notice, may sell at private sale.

4. SAME. *Statutory regulations.*
   The statutory regulations for sales by executors and administrators
   apply to sales ordered by court in pursuance of law, not to powers
   conferred by will.

5. FRAUDULENT CONVEYANCE. *Purchaser mala fide.*
   The son of an executrix to whom, under a power in the will, she sells
   the testator's lands, for the purpose, in which the son participates, of
   appropriating them to her own use, cannot hold against creditors of
   the estate, although he pays full price.

6. WITNESS. *Competency against estate of deceased person.*
   A wife is not a competent witness to prove her claim, arising from deal-
   ings with her deceased husband, against his estate, but is competent
   to prove her transactions as executrix of his estate, although the
   creditors of her husband, with whose representatives she is litigating,
   are dead. *Jacks* v. *Bridewell,* 51 Miss. 881, cited.

7. SAME. *Code* 1871, § 758.
   The purchaser of land from an executrix is a competent witness to
   establish his claim thereto in a suit by the representatives of the tes-
   tator's deceased creditors to subject it.

8. TRUST. *Land purchased by executrix with assets.*
   Land purchased by an executrix with assets of the estate, and sold by
   her to a purchaser with notice, is held by him as trustee for the tes-
   tator's creditors, and if partially so purchased is so held *pro tanto.*

9. SAME.  *Application of assets by executrix.  Burden of proof.*
An executrix is trustee of the testator's assets, and if she appropriates
them she must show a clear right, otherwise they will be held subject
to his creditors.

10. SAME.  *Land purchased with assets.  Where estate owes executrix.*
Land purchased by an executrix in her own name with assets is hers
individually, if she was in advance to the estate for legal disburse-
ments to the amount of the assets so used.

11. MARRIED WOMAN.  *Law of* 1839.  *Hire of wife's slaves.*
The hire of slaves which a wife acquired in 1842 accrued to her husband,
and constitutes no claim in her favor against his estate after his death.

12. LAND PURCHASED WITH ASSETS.  *Defence that executrix was creditor.*
*Account necessary.*
Where, to a bill by creditors of a testator to subject land purchased
by his executrix in her own name with assets of the estate, she de-
fends on the ground that she was creditor of the estate for advances
in a sum greater than the assets so appropriated, the defence is not
made out, in the absence of a full and complete accounting, covering
all her receipts and disbursements as executrix.

13. ESTATES OF DECEDENTS.  *Limitation of actions.  Judgment.  Bill to*
*sell land.*
A creditor's right to reach assets is not lost by lapse of time, if no
actual bar of his claim occurs.  A suit stops the running of the
statute.  The judgment is a merger; and, while it is unbarred, a bill
lies to sell the assets.  *Yandell* v. *Pugh,* 53 Miss. 295.

APPEAL AND CROSS-APPEAL from the Chancery Court of
Monroe County.

Hon. L. HAUGHTON, Chancellor.

Charles M. Wesson, administrator of Moye, who had recov-
ered judgment Nov. 23, 1870, in a suit against Bradford, Cocke
and the executrix of Stirling H. Buckingham, brought April
10, 1866, on a note dated Oct. 6, 1856, due Aug. 10, 1859,
signed by Bradford and Cocke & Buckingham; and Robert
Cobb, administrator of Walker, who had a judgment recov-
ered by Walker Nov. 11, 1870, in a suit instituted against the
same parties April 13, 1866, on a similar note dated Sept. 25,
1856, due one day after date, — filed this bill, June 30, 1873,
against Mary J. Buckingham, widow and executrix of Stirling
H. Buckingham, and Virginia and Stephen H. Buckingham,
his heirs and legatees, to subject to said judgments, after
*nulla bona* returns, certain town lots which belonged to the tes-

tator in his lifetime, a tract conveyed by Cocke to the executrix in exchange for lands of the estate under authority of the will, and the Harris land, conveyed to Mary J. Buckingham individually, but alleged to be purchased with assets of the estate, in fraud of the rights of creditors, averring that these lands had been fraudulently conveyed by Mrs. Buckingham in 1868 to S. H. Buckingham, her son. Owing to the loss by the war of the personalty, once ample to pay the claims, and the insolvency of Mrs. Buckingham, who, five months after her husband's death, in June, 1857, qualified without bond under his will, these lands are the only means of collecting the judgments.

The defendants severally answered, that the plaintiffs in the judgments, knowing that Mrs. Buckingham, as executrix, was ready to settle their demands, having neglected to present or register them until the personalty was dissipated by the war, had by their *laches* lost all claim against the lands, although the executrix failed to publish the statutory notice to creditors; that Stephen H. Buckingham purchased in good faith for valuable consideration without notice; and that Mrs. Buckingham paid for the Harris tract, partly with her own means and the remainder with notes received for personalty of the estate and rents of the lands in controversy, appropriating these assets, without knowledge of the complainants' claims, in payment of debts due her by her husband and his estate.

Making her answer a cross-bill, Mrs. Buckingham stated that Cocke, the principal, had partly paid the Walker note on which her husband was surety, taking a receipt which he had in his lifetime, and which she has since the judgment found among old papers; that at the trial she did not know of this, but, had she then possessed the receipt, she could with it and other testimony have defeated a recovery; that her husband owed her $25,000 for hire of slaves which she acquired in 1842, and since his death she had advanced $10,000 to conduct the estate under the will, and prayed to credit the Walker judgment with the payment, and, if the lands were subjected, to share as a creditor. The complainants' demurrer, assigning, among other grounds, that the hire of the slaves belonged to her husband, that she can subject the estate only on a full

account between it and herself, and want of diligence in making her defence at law, and of equity in her claims, was sustained and the cross-bill dismissed.

The material items of the will of Stirling H. Buckingham were : " 8th. I do give my wife full power and authority to sell all or any portion of my real and personal estate as she shall consider proper for the welfare of herself and our children, or the interest of said partnership " (Cocke & Buckingham), " and to invest the proceeds thereof in other real or personal estate or moneyed securities, as she shall think is safest and best." " 10th. It is my wish that my wife have possession and control of my property and the raising and education of our children at her proper discretion ; that she be allowed to keep the property together, or to sell and manage the same, with its rents, issues and profits, for the support of herself and our children and her and their relation to life and society, as may in her judgment be proper and becoming, until the children shall marry or arrive at lawful age, and without being compelled to account for the expenditures which she may be pleased to indulge in her mode of life and in the support and education of our children."

The complainants' motion to suppress the depositions of Mary J. and Stephen H. Buckingham, taken on their own behalf to sustain the allegations of their answers, because incompetent under the statute excluding parties from testifying to establish their claim or defence against estates of deceased persons, was overruled ; and on final hearing the Chancellor subjected the town lots and Cocke land to the judgments, but refused relief, and dismissed the bill as to the Harris tract ; from which decree both sides appealed.

*Baxter McFarland*, for the appellants and cross-appellees.

1. Mary J. Buckingham and Stephen H. Buckingham were competent witnesses under Code 1871, § 758, (1) as to the estate of Stirling H. Buckingham. The former can testify to her transactions with the estate, and to establish her claim to the Harris land, which never belonged to her husband. The latter bought the land after his father's death. The injustice of Code 1857 was obviated by Code 1871, and *Haralson* v. *White*, 38 Miss. 178, with kindred cases decided under the

former statute, does not apply.   (2.)  As to the estates of Moye and Walker, there was in no sense any transaction, contract or agreement between the witnesses and either of them in his lifetime.   37 Miss. 458; 39 Miss. 342; 44 Miss. 289; 47 Miss. 570; 50 Miss. 370.   Nor did what was done relate to the estate of either.   *Jacks* v. *Bridewell*, 51 Miss. 881, 888.

2. The case made by the bill being not want of power in the executrix, but that she made a fraudulent sale, another cannot be proved.   *Pinson* v. *Williams*, 23 Miss. 64; *Carnes* v. *Hubbard*, 2 S. & M. 108; *Kidd* v. *Manley*, 28 Miss. 156; *Bowman* v. *O'Reiley*, 31 Miss. 261; *Fatheree* v. *Fletcher*, 31 Miss. 265; *Shaw* v. *Brown*, 35 Miss. 246; *Parkhurst* v. *McGraw*, 24 Miss. 134; *Armstrong* v. *Stovall*, 26 Miss. 275; *Baygents* v. *Beard*, 41 Miss. 531; *Bacon* v. *Ventress*, 32 Miss. 158; *Bates* v. *Bates*, Walker, 356.

3. As her powers under the will might be argued by adverse counsel, the learned counsel reviewed them at length, contending that item 8 authorized the executrix to sell without restriction as to the manner, and that item 10 supported that construction.   2 Jarman on Wills, 244, 738, 743; *Vannerson* v. *Culbertson*, 10 S. & M. 150; 39 Miss. 196.

4. The charge of fraud in the sale, which is common to the three tracts, is denied, and not proved.   37 Miss. 617; 12 S. & M. 547; 1 How. (Miss.) 346; 24 Miss. 136.

5. As to the Harris land is the issue, whether it is equitably the property of the estate; for, if Mrs. Buckingham's, the appellees have no claim thereon; so, *pro tanto*, if partly hers.   Her payment of half with her own means, without knowing of the complainants' claims, negatives fraud, which must be charged, and proved as laid.   37 Miss. 617; 12 S. & M. 547; 1 How. (Miss.) 346; 24 Miss. 136.   The other half she paid with estate means; but her husband being indebted to her for hire of slaves appropriated in his lifetime, and the estate owing her for money advanced in her administration, it was competent for her to pay herself in that way.   *Short* v. *Porter*, 44 Miss. 533; *Woods* v. *Ridley*, 27 Miss. 119.

6. The creditors having failed to register their claims in time, while there was ample personalty to have paid them, have by their *laches* lost the right to subject the real estate.   Code 1857,

p. 444, art. 83; 2 Story Eq. Jur. § 1520; 6 Johns. Ch. 360; *Evans* v. *Fisher*, 40 Miss. 643.

7. The receipt being given to Cocke, the principal, the executrix of the surety, who had no right to the papers, and could not know the facts, was excused for failure to defend at law, and the demurrer to the cross-bill should have been overruled.

*Reuben Davis*, on the same side, argued orally and in an elaborate brief the foregoing points, and also that Stirling H. Buckingham held his wife's means as her agent. *Mitchell* v. *Mitchell*, 35 Miss. 108. She was not a creditor, but had a right paramount to creditors to the specific thing, which, after her husband's death, she could take wherever she found it. Being executrix, she could deliver it to herself, or pay it by appropriation. The will shows that Buckingham designed clothing her with full powers over his property, debts and credits, conferring on her the right to equitably adjust his affairs. Having the right to appropriate her specific property, she could take the notes given at the sale of personalty.

*Houston & Reynolds* and *William F. Dowd*, for the appellees and cross-appellants.

1. Under the bill we could prove fraud, or want of power under the will, or a departure from the prescribed manner, or, if the power was properly exercised, that the lands are still subject to creditors.

2. Reviewing the evidence, counsel contended that it sustained each of the foregoing positions, citing, as to the fraud, Bump on Fraudulent Conveyances, 79, 81, 96; as to the executrix's want of power to so sell under the will, Code 1857, p. 458; Code 1871, § 1194; *Cable* v. *Martin*, 1 How. (Miss.) 558; *Baines* v. *McGee*, 1 S. & M. 208, 218; *Worten* v. *Howard*, 2 S. & M. 527; 12 Ala. 305; 6 Wall. 720; 34 Ala. 591; and as to the liability of the land, even if properly sold under authority, 44 Miss. 186; 29 Miss. 238; *Darrington* v. *Borland*, 3 Porter (Ala.), 9.

3. The Harris land can be subjected to the extent of the estate assets used in its purchase. *Turner* v. *Street*, 2 Rand. 408; *McLeod* v. *First National Bank*, 42 Miss. 99.

4. The demurrer to the cross-bill was rightly sustained.

(1.) Mrs. Buckingham is not entitled to credit on the Walker judgment for the amount of the discovered receipt. 1 J. J. Marsh. 470 ; 6 Mon. 145 ; 6 S. & M. 723 ; 1 How. (Miss.) 470. (2.) The hire of the wife's slaves acquired in 1842 went, by the law of 1839, to her husband. Hutch. Code, 497, §§ 2–5 ; *Harvey* v. *Edington*, 25 Miss. 22 ; 2 S. & M. 165.

5. The appellees are not chargeable with laches. *Buckingham* v. *Walker*, 48 Miss. 609 ; *Buckingham* v. *Walker*, 51 Miss. 491. Nor have they lost claim on the land by failure to subject the personalty subsequently lost by the war. *Evans* v. *Fisher*, 40 Miss. 643. The judgment against the executrix is *prima facie* evidence against the heir of a valid claim, for which the lands can be sold. *Ferguson* v. *Scott*, 49 Miss. 500.

6. Mrs. Buckingham had no right to appropriate the notes of the estate derived from sale of the personalty. She has failed to prove her claim when the burden was on her. Not being probated, that part which accrued in her husband's lifetime is barred ; and as to that which accrued afterwards, she has not shown how, for what purpose and to whom she made the payments.

7. As to the competency of the witnesses, under the statutory rule. Mary J. Buckingham was incompetent to establish her claim (1) against the estate of her deceased husband for the hire of her slaves ; (2) against the estates of Moye and Walker, that she had advanced money for her husband's estate, and, to reimburse herself, had appropriated assets of his estate, to which they had a right to look for payment of their claims. S. H. Buckingham was incompetent to establish as against Walker's estate (1) the *bona fides* of the conveyance to himself ; (2) the claims of his mother against his father's estate.

8. The case at bar is not analogous to *Mitchell* v. *Mitchell*, 35 Miss. 108, because Mrs. Buckingham cannot identify her specific money.

*R. O. Reynolds*, on the same side, made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

The decree sustaining the demurrer ·to the cross-bill is affirmed. The cross-bill presents no ground for relief of any

sort. Its allegations as to the receipt showing a right to a credit on the note to Walker fall short of the well-settled rule of diligence required in such cases, and the claim of Mrs. Buckingham to the assets of the estate appropriated by her is purely defensive, and is asserted fully in her answer, rendering her cross-bill both unnecessary and improper.

The decree subjecting the lots in Aberdeen and the land obtained from Cocke to liability for the demands of creditors, is correct, and is affirmed. S. H. Buckingham is chargeable with knowledge that the lands were being misapplied by the executrix; and, even if he paid full price, with his own money, for them, he had no right to aid her by his means in appropriating the estate to her own use.

There was no want of power in Mrs. Buckingham under the will to sell land at private sale. It is not true that one empowered by a will to sell land, without any indication of the mode of selling, must sell at public auction, or after public notice. The law is that, unless the power otherwise provides, the sale may be either at public auction or on private arrangement, according as the one or the other may be deemed most expedient. If there are several modes of executing a power of sale, and no directions are given by the instrument creating it, the donee may select his mode. 3 Redfield on Wills (2d ed.), 567; 2 Perry on Trusts, § 780; 4 Kent Com. 331; *Bond* v. *Zeigler,* 1 Kelly (Ga.), 324. The statutory regulations for sales by executors and administrators apply alone to such sales ordered by the courts in pursuance of law, and have no reference to powers of sale conferred by wills.

The will in this case confers on Mrs. Buckingham power to sell land, without indicating in what way or on what notice she should sell, and she could lawfully sell at private sale. The property conveyed by her is held to be liable to creditors, not for want of power in her to convey the title at private sale, but because of the purpose for which the sale was made, participated in by S. H. Buckingham.

Mrs. Buckingham is not a competent witness to prove her claim against the estate of her deceased husband, arising from any dealings had with him. But she is competent to prove her transactions since his death, although the creditors of her

husband, whose representatives are now litigating with her, are dead. She is not proposing to prove her own claim against the estate of either creditor of her husband, nor asserting any right as against such estate, founded on any alleged transaction had with such decedent in his lifetime. *Jacks* v. *Bridewell*, 51 Miss. 881. S. H. Buckingham is a competent witness.

The decree dismissing the bill and denying all relief as to the "Harris land" is wrong, and will be reversed. In so far as assets of the estate can be traced into that land, it can be charged with them in the hands of S. H. Buckingham, who knew all about the payment for it, and whose purchase of that land is just like his purchase of the other. In so far as the private means of Mrs. Buckingham were paid for this land, it was hers, and her vendee is entitled to be protected as to that; but to the extent that part of the estate of the testator was put into it, he is a trustee of the legal title for creditors, who are entitled to have the land charged accordingly. The test is whether the land was paid for by the means of Mrs. Buckingham, or of her testator, held by her as a trust fund for his creditors. If, in truth, they were hers, having become such by rightful appropriation, to reimburse herself proper advances for said estate, the land bought with them was hers, and became her vendee's.

If it is true that Mrs. Buckingham was in advance to the estate for legal disbursements, to the full amount of the assets of the estate, which she used in paying for this land, then the land was hers individually. Mrs. Buckingham seems to have thought that she was largely the creditor of the estate for advances made; but that does not satisfactorily appear from the record. It could be made to appear only by a full and complete accounting, wherein Mrs. Buckingham should be charged with all her receipts and liabilities as executrix, and allowed for all legal disbursements; and nothing of that kind occurred. The law made Mrs. Buckingham, as executrix, a trustee for creditors of the testator. They are entitled to be paid out of the assets. If Mrs. Buckingham has appropriated to her own uses any of those assets, she must show a clear right to do so; and, until she has done this, they must be held subject to creditors.

Most of her demand, as disclosed by the record, is inadmissible, being for hire of slaves which accrued to her husband. To another large part she is not competent as a witness; and as to what she testifies she expended of her means to pay debts of her testator after his death, she has not shown that the disbursements were proper, and she has not rendered any account of her liabilities for receipts for account of said estate. She may do this in the further progress of the cause.

The case of *Yandell* v. *Pugh*, 53 Miss. 295, is decisive of the objection urged to the demand of the complainants in the bill, on the score of lapse of time and laches.

*Decree accordingly.*