THE FIRST BAPTIST CHURCH OF JACKSONVILLE, A CORPORATION, *Appellant,* v. AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN MISSIONS, A CORPORATION, *et al., Appellees.*

Opinion Filed December 10, 1913.

Rehearing Denied January 9, 1914.

1. An executor has no implied power to sell lands of the testator when the legal title thereto passes to specific devisees other than the executor, and the will does not direct or show an intent for the payment of debts or legacies with the proceeds of sales of the lands, or direct the executor to divide the estate among beneficiaries, and the power to sell land is not in reality necessary in order to carry out any of the provisions of the will, and the will gives to the executor no directions whatever, and, considered as an entirety, discloses no intent to confer upon the executor power to sell lands of the testator.

442        SUPREME COURT OF FLORIDA.

1st Bap. Ch. Jacksonville v. Am. Bd. For. Miss.—Opinion of Court.

2. The receipt by a beneficiary of proceeds of an unauthorized sale of lands by an executor may not estop such beneficiary from claiming rights in the lands, the title to which was given by the testator's will.

Appealed from Circuit Court of Duval County; R. M. Call, Judge.

Decree reversed.

*Baker & Baker,* for Appellant.

*Axtell & Rinehart,* for Appellees.

WHITFIELD, J.—This appeal is from a decree dismissing a bill of complaint which prayed for the partition of lands. The questions presented are whether the will herein set out construed in the light of the circumstances surrounding the testatrix and the character of the realty, gave implied power to the executor to sell and convey lands of the decedent, and whether the appellant, a beneficiary of the will, is estopped from claiming partition of lands by receiving from the executor money derived from the sale of the lands. The will is as follows:

"I, Louise Johnson of Brownington, County of Orleans and State of Vermont, hereby make this my last will and testament, revoking all former will by me made.

I dispose of my entire estate of which I may die seized after the payment of all legal charges thereon, as follows:

I give and bequeath to Josephine S. Strait of Crown Point, Indiana, if living at the time of my decease, my stock in the New York Tribune Company. Said stock at this time being certificate No. 21 and standing in the name of Mary J. Robinson.

If the said Josephine S. Strait does not survive me, I

give and bequeath one half of the proceeds from the sale of said stock to Cora Lincoln, (daughter of said Josephine S.) of said Crown Point, Ind., and her heirs.

I give and bequeath to the Trustees of the Woman's National Indian Association, a corporation under the laws of the State of Pennsylvania, its successors and assigns, the sum of one hundred dollars, ($100.00).

I give and bequeath to G. J. Gross, of Brownington, Vt., and his heirs, the sum of two hundred dollars ($200).

I give and bequeath to Frank H. Pierce of Austin, Illinois, and his heirs, the sum of two hundred dollars, ($200).

I give and bequeath to Sarah M. Underwood of Glades, Morgan County, Tenn., and her heirs, the sum of two hundred dollars ($200).

The residue of my estate, after the payment of the aforesaid bequests, I give and bequeath in four equal parts as follows:    share and share alike.

To the American Board of Commissioners for Foreign Missions.

To the Congressional Home Missionary Society.

To the First Baptist Church of Jacksonville, Florida.

To the Union Congregational Church of Jacksonville, Florida.

I hereby appoint G. J. Gross, of Brownington, Vt., as Executor of this my last will.

In testimony whereof I hereunto set my hand and seal and publish and declare this to be my last will and testament, this 3rd day of July, A. D. 1902.

LOUISE JOHNSON, *L. S.*"

After the payment of debts and specific legacies there was personalty left, and the executor divided the remaining personalty and sold the land in controversy and divided the proceeds among the four residuary bene-

444 SUPREME COURT OF FLORIDA.

1st Bap. Ch. Jacksonville v. Am. Bd. For. Miss.—Opinion of Court.

ficiaries, including the appellant. The sale of the land in controversy was without an order of court made by the executor to trustees for one of the four residuary beneficiaries, no bad faith being shown.

An executor has implied authority to sell the real estate of the testator whenever it appears from the whole purview of the will to have been his intention that it should be sold and the proceeds applied to the purposes to which the executor alone may apply them. As a general rule an executor takes a power of sale by implication only when it is necessary in order to carry out the provisions of the will, and not merely because it would be of advantage to the real estate. Where a testator directs the payment of debts and legacies with the proceeds of real estate, or othrwise manifests an intent that the proceeds of his real estate should be so used, the executor takes a power of sale by implication; but a power of sale is not implied solely from a direction that the executor pay debts and legacies. A power of sale is also implied where real estate *is devised to the executor* for any purpose which is within the scope of his functions as such, or which require a sale, or where the residue is devised to him after direction to pay debts. But the executor does not take an implied power of sale where land is devised to another after payment of the testator's debts. 11 Am. & Eng. Ency. Law (2nd ed.) pp. 1043-4.

It is not necessary that the power of the executor to sell lands should be expressly given in terms by the will, but it may be implied when it is clear that the testator intended that his executor should have such power, or the directions of the wills are such that a power of sale is necessary in order that they may be properly carried out: but the courts will not put a strained construction upon the language of the will in order to extract such a power

from it when the testator's intention to give or the necessity for such a power is not clear. 18 Cyc. 320.

Where there is an express devise of land to persons named in the will, there can be no power of sale in the executor by implication. Gammon v. Gammon, 153 Ill. 41, 38 N. E. Rep. 890.

In this case a power to sell lands is not expressly given and such power is not necessary in order to carry out any of the provisions of the will; the testatrix did not direct that her debts and legacies be paid with the proceeds of sales of her real estate, and the will does not manifest an intent that the proceeds of lands should be used for debts or legacies; the land was not devised or bequeathed to the executor, and no directions of any kind were given to the executor; but by the terms of the will "after the payment of all legal charges" on the estate after the payment of the specific legacies named therein, the residue of the estate is given and bequeathed in four equal parts share and share alike to designated beneficiaries not including the executor; and there is no clear implication from the context of the will of an intent that the executor should have the power to sell the land, or to divide the lands of the estate, the legal title to which passed to the beneficiaries upon the death of the testator. As the estate consisted of personalty more than sufficient to pay the debts and specific legacies, and of real estate, including the land in controversy, which was willed "in four equal parts" to particular beneficiaries, the testatrix, having reference to the property she was disposing of, does not clearly appear to have contemplated a sale of the real estate by the executor, to whom no special directions or powers other than those conferred by law, were given by the will. Even if the land involved here was bought by the testatrix and held for purposes of speculation, she

gave it "in four equal parts" to stated organizations that took the legal title and the beneficial interest at her death. Neither the will nor the law conferred upon the executor power to sell real estate given and bequeathed by the testatrix to others. In Winston v. Jones, 6 Ala. 550, cited by appellee, the executor was by the will directed "to divide the sum total" of the residue of the estate, and directed "to distribute and pay over" the portion given to the beneficiaries. In other cited cases there were directions to the executor to sell or to distribute. Here the executor is not directed to do anything. He can only do what the law itself authorizes; and under the law the executor has no concern in the real estate of the testatrix where it is not required to pay debts under the orders of the court. The executor does not divide real estate among devisees unless authorized to do so by the will, and there is no such authority in this case.

The receipt by the treasurer of the appellant of the money paid by the executor, and the circumstances of the payment and receipt are not such as in equity should estop the appellant upon doing equity as offered from asserting its rights under the will having the legal title to and the beneficial interest in a fourth part of the lands.

The decree is reversed.

TAYLOR, COCKRELL AND HOCKER, J. J., concur.

SHACKLEFORD, C. J., dissenting.

I am unable to concur with my Brothers in the conclusion which they have reached. My views are as follows:

The appellant filed a bill against American Board of Commissioners for Foreign Missions, The Congregational

Home Missionary Society, the Union Congregational Society and H. B. Minium, Georgia W. Woodward, and Hugh H. Richardson as Trustees for the use and benefit of the Union Congregational Society. The relief sought was the partition of certain described real estate situated in Duval County, Florida, of which it is alleged one Louise Johnson died seized and possessed, leaving a will by which such real estate was devised to appellant, the American Board of Commissioners for Foreign Missions, The Congregational Home Missionary Society, and the Union Congregational Society, styled therein as the Union Congregational Church of Jacksonville, as residuary legatees or devisees, share and share alike to the several devisees, and accounting by the defendants with the complainant and general relief. It is further alleged that one Gilbert J. Gross was appointed the executor of such will and duly qualified and entered upon the discharge of his duties as such executor. I have stated all this very sufficiently. An amendment to the bill was also filed. A decree *pro confesso* was entered against the American Board of Commissioners for Foreign Missions and The Congregational Home Missionary Society. The Union Congregational Society and H. B. Minium, George W. Woodward and Hugh H. Richardson as Trustee for the use and benefit of the Union Congregational Society filed an answer and also a supplemental answer, wherein they denied certain material allegations of the bill, which it was essential for the complainant to sustain in order to prevail. The oaths of the defendants to their respective answers were expressly waived, therefore they are not evidence, and we shall have occasion later to state sufficiently the issues made by the pleadings to make this opinion intelligible. A general replication was filed to the answers and the cause was referred to a special examiner to take

the testimony of the respective parties and report the same to the court. The cause came on for a final hearing upon the pleadings and the testimony so taken before the special examiner and also certain objections and exceptions taken by the complainant to the testimony, which resulted in a final decree being rendered in favor of the defendants, in which the bill of complaint was ordered dismissed and all the objections and exceptions taken by the complainant to the testimony were overruled. From this decree the complainant has entered its appeal.

The appellant's brief contains the following statement, in which the appellees have concurred:

"The two and only questions raised by the pleadings for the decision of this court are the issues fairly and clearly joined:

First: Does the will imply from any language used or by its terms and objects as a whole vest the executor thereof with power to sell and convey real estate of decedent?

Second: Is the complainant estopped and thus deprived, by the receipt of the monies paid to and received by it from said executor, of its legal title or interest, of, in and to these lands, otherwise held and owned by appellant under the terms of said will, and especially in view of the circumstances of such payment?"

These two questions I shall now proceed to consider. In order to do so it is necessary for us to have in mind that portion of the will of Louise Johnson about which the appellant and the appellees differ as to the proper construction, but as the will is copied in full in the majority opinion, there is no occasion for me to set it out again.

The testatrix, at the time of her death, resided in Vermont and the will was first probated in that State and ancillary probate afterwards had in Duval County, Flor-

ida, on the 1st day of September, 1909. Gilbert J. Gross qualified as executor, and it appears from the proofs adduced that he entered upon the discharge of his duties, that the property which the testatrix left consisted largely of mortgages on real estate in Florida, which the executor proceed to collect and that in the process of converting the property of the estate into cash assets he proceeded to sell the real estate described in the bill of complaint and which forms the subject matter of this litigation to H. B. Minium, George W. Woodward and Hugh H. Richardson as Trustees for the use and benefit of the Union Congregational Society for the sum of $3,500.00 and on the 1st day of March, 1910, executed and delivered a deed thereto to such trustees, which was filed and recorded in the public records of Duval County on the same day. It is recited therein that the executor executes such deed "by virtue of the power and authority to him given in and by the said last will and testament, also by virtue of his authority to act as such executor in the State of Florida, wherewith he was clothed by letters testamentary issued out of the County Judge's Court for Duval County, Florida, on the twenty-seventh day of September, A. D. 1909." It further appears from the proofs adduced that such executor filed an inventory of the estate of the testatrix, on the Probate Court for the District of Orleans, State of Vermont, by which it was shown that there remained in his hands, "after the payment of the debts and funeral charges of said deceased and the expenses of administration of her estate," "a residue in cash of $9,495.40 for distribution and decree," which inventory was allowed and ordered to be recorded and the following order or decree rendered: "State of Vermont. District of Orleans, SS.

29—Vol. 66

In Probate Court held at Newport in and for said District on the 25th day of April, A. D. 1910.

On application of Gilbert J. Gross, Executor of the Estate of Louise Johnson, late of Brownington, in said District, deceased, due notice to all persons interested having been given and no one appearing to object, said Court decrees as follows, to-wit: Whereas it appears by the records and files of said Court that after the payment of the debts and funeral charges of said deceased and the expenses of administration of her estate, there remains in the hands of said Executor a residue in cash of $9,495.40 for distribution and decree. And whereas, all said Estate is bequeathed to certain legatees named in said will, all of whom are now living and in being and are all persons entitled under said will to said Estate. Therefore, said Court doth hereby decree said Estate as follows:

To Josephine S. Straight of Crown Point, in the State of Indiana the sum of $1,600.00 which with $150 advanced to her by the testatrix equals the legacy to said legatee.

To the Trustees of the National Indian Association, a corporation organized under the laws of the State of Pennsylvania named in said will as the Woman's National Indian Association, its successors and assigns in the sum of $100.00.

To G. J. Gross of Brownington, Vt., the sum of $200.00.

To Frank H. Pierce of Austin, Illinois, the sum of $200.00.

To Sarah M. Underwood of Gladis, Morgan County, Tennessee the sum of $200.00.

The rest and residue of my estate is hereby decreed in equal parts, one fourth to each The American Board of Commissioners for Foreign Missions, being the sum of $1,798.85.

To the Congregational Home Missionary Society one

fourth of said residue being the sum of $1,798.85.

To the First Baptist Church of Jacksonville, Florida, one-fourth of said residue being the sum of $1,798.85.

To the Union Congregational Church of Jacksonville, Florida, one fourth of said residue, being the sum of $1,798.85. All in accordance with the terms and provisions of said will.

To Have and to Hold the same as aforesaid to said legatee above named and their heirs, executors, administrators, successors and assigns forever. And the said Gilbert J. Gross, Executor, aforesaid, is ordered to pay over and deliver said estate according to said decree.

In Testimony Whereof, I hereunto affix the seal of said Court and subscribe my name at Newport in said District this 25th day of April, A. D. 1910.

F. E. ALFRED, Judge."

The following receipt was also filed in evidence.

"Received of Gilbert J. Gross, Executor of the last will and testament of Louise Johnson, late of Brownington, deceased testate, Seventeen Hundred Eight and 91 Dollars and also one fourth interest in two notes signed by Malcolm McGregor and others for two hundred dollars each and believed to be worthless, the same being a legacy bequeathed to The First Baptist Church of Jacksonville, Florida, by said testator, and the above is accepted in full discharge of said Executor and his sureties from further liability to the First Baptist Church of Jacksonville, Florida, as legatee of said deceased. Dated at Jacksonville, Fla., this 18th day of April, A. D. 1910.

J. E. JOHNSON, Treasurer, L. S.

The First Baptist Church of Jacksonville.

Endorsed: Probate Court: Orleans District. Vt. Filed December 23, 1910.

Attest: F. E. ALFRED, Judge."

It is true that the appellant objected to the introduction in evidence of the certified copy of the transcript of the proceedings in the Probate Court for the District of Orleans, State of Vermont, on certain specified grounds, but such grounds of objections were overruled by the Circuit Judge, together with all the other "objections and exceptions taken by the complainant to the testimony." While one of the assignments is to the effect that the court erred "in overruling the objections and exceptions" interposed by the complainant to certain testimony introduced by the defendants, this assignment is but lightly insisted upon before us and the objection to the documentary evidence now under consideration is not mentioned. It is also shown by other testimony that this amount of $1,708.91 was paid by Mr. George C. Bedell, as the attorney for the executor, to Mr. J. E. Johnson, the treasurer of the First Baptist Church of Jacksonville, on the 18th day of April, 1910, in payment of the amount coming to it as one of the residuary legatees or devisees under the will of Louise Johnson, deceased, and that J. E. Johnson, as such treasurer, signed and gave Mr. Bedell a receipt, which we have copied above. It may be well to observe that the bill of complaint was filed in this case on the 1st day of August, 1910, and that the answer of the appellees thereto was filed on the 15th day of November, 1910. On the 6th day of February, 1911, the complainant filed an amendment to the bill, which, omitting the formal parts, is as follows:

"7. And your orator avers that it is informed and believes and upon such information and belief, avers that said Gilbert J. Gross, having filed his final accounts and vouchers as such executor, has, upon approval thereof, been discharged as executor of the last will and testament of Louise Johnson, deceased.

VOL. 66, JUNE TERM, 1913.    453

1st Bap. Ch. Jacksonville v. Am. Bd. For. Miss.—Opinion of Court.

And your orator further avers that prior to his discharge on, to-wit, the 18th day of April, A. D. 1910, the said Gilbert J. Gross, as such executor, paid over to your orator a certain sum of money, to-wit, the sum of One Thousand Seven Hundred and Eight and 91/100 ($1,708.91) Dollars. And your orator has since been informed and believes, and upon such information and belief, states that a certain portion, the exact amount of which is unknown to your orator, of said sum was a one-fourth (¼) of the proceeds of said attempted sale and conveyance of the aforementioned and described lands, but your orator alleges that said sum of money so paid over was, at the time of payment, received and accepted by your orator without any knowledge, and your orator was not apprised, that said sum of money included the interest and share of your orator of, in and to said lands or any lands owned by the said Louise Johnson at the time of her death, and that the receipt thereof given by your orator for said moneys was prepared by and made and given at the instances and request of said executor, and was so given by your orator without any such knowledge, notwithstanding any facts stated therein, and was intended and given in the name of the complainant. corporation by its Treasurer, James E. Johnson, merely as a receipt for the amount therein stated to be paid over by said executor as the distributive share of your orator in the personal estate of said defendant.

And your orator further alleges the bargain, sale and purchase of said lands, as herein before alleged and recited, was made and consummated many days prior to the receipt of said moneys and the signing and giving of said receipt; and, further, that your orator was not informed by said executor, nor was your orator advised in any other manner that said executor expected or con-

454 SUPREME COURT OF FLORIDA.

1st Bap. Ch. Jacksonville v. Am. Bd. For. Miss.—Opinion of Court.

templated the sale of said lands and did not by its silence as to its rights, or by any intervening act, induce the defendant, Union Congregational Church Society, to purchase said lands of and to pay to the said executor any sums of money in consideration of the said attempted conveyance.

And your orator avers that as soon as it became advised that the sum received of said executor included the interest of your orator of in and to the proceeds of the said attempted sale and conveyance of said lands, it sought the advice of counsel learned in the law as to the validity of such conveyance, and upon being advised that said conveyance was invalid, formally repudiated and refused to recognize and ratify same, and of such action formally, in writing, on the 29th day of June, 1910, notified the defendant, Union Congregational Society, and your orator has always been and now stands ready and willing and hereby offers to return to the said defendant, Union Congregational Society, as the purchaser of said land, such portion of the money received by your orator from said executor, as may be found upon an accounting to be had and taken under the order and supervision of this Court, to have been paid over as the share of your orator of the proceeds of said attempted sale and conveyance, the exact amount of which is unknown to your orator."

On the 3rd day of March, 1911, the defendants, who are appellees here, filed a supplemental answer, which, omitting the formal parts, is as follows:

"These defendants, the Union Congregational Society, and H. B. Minium, George W. Woodward and Hugh H. Richardson, as Trustees, for supplemental answer to the Bill of Complaint filed herein as amended, answering paragraph seven, says:

1. These defendants deny that the defendant Gilbert

J. Gross has been discharged as Executor of the Last Will and Testament of Louise Johnson, deceased.

2. The defendants, further answering said paragraph seven of the Bill of Complaint, say, that it is not true as alleged in said Bill of Complaint that the Complainant received and accepted its distributive share of the estate of the said Louise Johnson, deceased, without any knowledge that the said sum of money included the interest and share of the said complainant in and to the lands owned by the said Louise Johnson at the time of her death, and these defendants allege the fact to be that at the time of receiving the said distributive share of said estate, the complainant had knowledge and information that the said sum of money so received by the complainant did include complainant's share in the proceeds of the lands owned by said Louise Johnson at the time of her death, which said land had been sold by the said Executor for the purpose of making distribution of said estate. And these defendants further aver that the sale of the said lands was made by the said executor to the defendants H. B. Minium, George W. Woodward and Hugh H. Richardson as Trustees, and a Deed therefor duly executed and delivered on the 1st day of March, 1910, and that the said deed was on the same day filed and recorded in the public records of Duval County, Florida, and that the said deed recites the consideration paid for the said land by the said Trustees, so that the knowledge of the exact share of the Complainant in and to the proceeds of the said sale has been at all time easily attainable by the said complainant, and notwithstanding this fact, the said complainant accepted its distributive share of the estate of the said Louise Johnson, including the proceeds of the sale of said lands and has retained the same and has never offered to return to the said Executor or to those defendants or

either of them the distributive share of the complainant in and to the lands aforesaid.

3. And these defendants, further answering said paragraph seven of said Bill of Complaint, say, that they deny that complainant was not advised that said Executor expected or contemplated the sale of said lands, but aver the fact to be that the said complainant was informed that the distribution of the etsate of said Louise Johnson was awaiting the sale of the said lands and that the said estate would be distributed as soon as the said executor could make a sale of said lands. And these defendants aver that the said executor had said lands upon the market, seeking for a purchaser for a long time before the said sale was made and consummated. And these defendants further answering deny that the Complainant notified the Union Congregational Society of its repudiation of said sale as set forth in the said Bill of Complaint.

And these defendants having fully answered the Bill of Complaint, pray to be hence dismissed, with their costs in this behalf most wrongfully sustained."

I think that the foregoing makes the issues to be determined sufficiently plain. I will add that there are conflicts in the testimony as to whether or not the appellant received and accepted its portions of the proceeds derived from the sale of the real estate of which partition is sought, after the executor had given notice to it that a part of the money so paid over to it was derived from the sale of such real estate. I shall not attempt to set out or discuss the testimony upon this point. Suffice it to say that the Circuit Judge could have found from the testimony adduced that the complainant did receive and accept the amount so paid it by the executor after such notice had been given it. While there are some conflict in the testimony upon the point as to whether or not the

price for which the real estate was sold was a fair and reasonable price, I am of the opinion that the weight of the testimony is to the effect that at the time such sale was effected the price paid was the reasonable market value. The bill of complaint does not allege that any fraud or deception was practiced by any of the defendants or that any attempt was made to mislead the complainant in any way as to its rights. It appears that the appellees proceeded with entire good faith in the matter. The principal contention is as to the power of the executor to sell and convey the land in question.

It will be observed that the will does not undertake specifically to devise the real estate in controversy. In fact, the word, devise, is not used once in the entire will and no real estate is described, referred to or mntioned. As we held in Lines v. Darden, 5 Fla. 51, and which we have followed in a number of subsequent decisions: "In the construction of a will, the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this first and great rule in the exposition of wills, all others must bend." We further held therein: "Courts allow no rule of construction of mere words to control the intention, but the whole instrument is to be considered, and if possible effect given to every part of it." Also, "The relative situation of the parties, the ties and affection subsisting between them, besides the motives which would naturally influence the mind of the testator, are proper to be considered in expounding the import of doubtful words." We would also refer to Lott v. Meacham, 4 Fla. 144, text 152; Russ v. Russ, 9 Fla. 105; McLeod v. Dell, 9 Fla. 427; Robinson v. Randolph, 21 Fla. 629, text 644, 58 Amer. Rep. 692; Floyd v. Smith, 59 Fla. 485, 51 South. Rep. 537, 138 Am. St. Rep. 133, 21 Ann. Cas. 318, 37 L. R. A. (N. S.)

651; Brown v. Avery, 63 Fla. 355, 58 South. Rep. 34; Albury v Albury, 63 Fla. 329, 58 South. Rep. 190.

Unquestionably no express power to sell any real estate of which the testatrix might be seized and possessed at the time of her death was conferred by the will upon the executor. Does the will contain an implied power to make such sale? It is shown by the pleadings and proofs that the testatrix was a resident of the State of Vermont at the time of the making of her will and of her death; that the real estate in question consisted of certain lots, unimproved and non-income producing, situated in Panama Park, outside of the limits of the City of Jacksonville, in a neighborhood containing some objectionable features; that all of such real estate was not contiguous; that prior to her death the testatrix through her attorney had attempted to sell such real estate and had been unable to do so, though offered at a much lower price than that for which it was sold by the executor; that the residuary legatees or devisees, are all religious corporations, two of which had headquarters in another State.

I have stated very succinctly the salient facts which we consider established by the evidence. Quite a number of authorities have been cited to us by the respective counsel for the appellant and the appellees, which I have examined, though I shall refer to very few of them. It seems to me that no extended discussion is necessary. It is not controverted by the appellant that, although a will may confer no express power upon the executor to sell and convey real estate which may be embraced within the will, such power may exist by necessary implication. Taking into consideration the entire will, the language used therein, the relative situation of the testatrix and of the residuary legatees or devisees and the nature, situation, value and salability of the real estate involved, I am of

VOL. 66, JUNE TERM, 1913.     459

1st Bap. Ch. Jacksonville v. Am. Bd. For. Miss.—Opinion of Court.

the opinion that the power to sell the same must be held to have existed by necessary implication. It will be observed that the testatrix first proceeds to *"dispose"* of her entire estate "after the payment of all legal charges," which she then proceeds to specify. Then comes this clause: "The residue of my estate, after the payment of the aforesaid bequests, I *give* and *bequeath* in four equal parts, as follows: share and share" to the four religious corporations, which have already been named. As I have previously said, the word devise, is not used in the will. This conclusion which I have reached finds support in 11th Amer. & Eng. Ency. of Law (2nd ed) 1043, and the authorities there cited. As is well said: "An implied power of sale is given to the executor when the testator blends the proceeds of real estate into one fund with the personalty for the purpose of distribution or accumulation, or even when there is no direction to distribute." See also 18 Cyc. 320 and 40 Cyc. 2024, and the authorities there cited. I also think that the well-reasoned case of Winston v. Jones, 6 Ala. 550 is in point.

I am further of the opinion that, under the facts and circumstances established by the evidence, the appellant may well be held to be estopped, since it received and retained its part of the proceeds from the sale of the real estate by the executor. We have several times held that "A party cannot, either in the course of litigation or in dealings *in pais*, occupy inconsistent positions. Upon that rule election is founded. A man shall not be allowed to approbate and reprobate. And where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts. The election, if made with knowledge of the facts, is in itself binding. It cannot be withdrawn without due consent. It cannot be withdrawn though it has not been acted upon by another

by any change of position." Capital City Bank v. Hilson, 64 Fla. 206, 60 South. Rep. 189, and prior decisions of this court there cited.

For these reasons I think that the decree should be affirmed.