DAVIS *v.* STURDIVANT.

(In Banc.   Oct. 23, 1944.)

[19 So. (2d) 499.   No. 35672.]

Snow & Covington, of Meridian, for appellant.

**Wilbourn, Miller & Wilbourn,** of Meridian, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Mrs. Mildred H. Kimball died June 10, 1943, leaving a will in which appellant was named executrix without bond. The will contains sixteen items, all but the first three of which provide for bequests. There is no devise of lands but item fifteen is as follows:

"After my house and the rest of jewelry have been sold, I want the money equally divided between Charles Thomas Kimball, Jr., of Meridian, Mississippi, and Carl Van Nate Kimball of 313 Center Point Road, Cedar Rapids, Iowa.

"Should either boy die before of age this money to revert to the estate for further distribution of other requests." (sic).

The executrix filed a petition to the court for directions as to the manner of sale. In response thereto the chancellor found that the will granted express power to the executrix to sell the property and directed its sale through bids to be advertised for in a daily paper. Appellee submitted a written bid in the sum of $5,000, and after the chancellor had decreed that this was the best bid and adequate, the executrix tendered deed to appellee, who refused to comply with his offer and bid. Bill for specific performance was filed and appellee set up the absence of testamentary power in the executrix to sell, want of notice to interested parties, and defect in title. The court, reversing its opinion as to power to sell, dismissed the bill.

Our first inquiry concerns the existence of an implied power to sell the lands under item 15. We are of the opinion that an implied power exists. The evident purpose of the testatrix was to bestow bequests of personal effects and money upon her beneficiaries and to this end sought to have the executrix convert the only realty mentioned into money for division between the beneficiaries therein designated. It is clear also that the proceeds from the sale were not to be delivered by the executrix until the legatees became of age. She was also charged with an alternative disposition of the proceeds in event such legatees or either of them died during minority.

Section 518, Code 1942, provides that in such cases the directions of the will are to be followed, and where, as here, an executrix is directed to pay debts and legacies and when one of such provisions is to be carried out by a sale of specific lands a power to sell is to be implied. This view is strengthened by the language "after my house and the rest of jewelry have been sold." It is clear that it is to be sold for such purpose and that it is to be sold by the executrix is manifested by the direction that she should distribute the proceeds to the named beneficiaries, or in the event of the death of either, make "further distribution." First Baptist Church of Jacksonville v. American Board of Commissioners, 66 Fla. 441, 63 So. 826, Ann. Cas. 1916D, 404. See extensive supporting note thereto in Ann. Cas. 1916D, 404, 412, 419; 21 Am. Jur., Executors and Administrators, sections 689, 690, 692. If a will gives a power of sale to pay legacies or for distribution without stating by whom the sale is to be made, the executor takes the power by implication. Clark v. Hornthal, 47 Miss. 434.

The appellee contends, however, that since the taxes on the lands for the year 1943 are unpaid and remain a lien upon the property, he should not be compelled to accept a defective title. This is the only title defect asserted and in considering this contention we are not concerned with the question whether the bidder is entitled to a

marketable title or whether the rule caveat emptor applies. Under Section 572, Code 1942, it was the duty of the executrix to pay the taxes thereon for the year 1943. The purchaser had the right to assume that the executrix had done or would do what she was under duty to do. Such obligation can be readily accounted for under decree for specific performance, in compliance with which the purchaser is entitled to a deed freed from the lien of the unpaid taxes for 1943.

Finally, appellee contends that there was no notice to interested parties, either in the proceedings for sale or those whereby directions of the court were sought. Since the executrix had power under the will to sell the land, the sale was not a judicial sale. Nor may the gratuitous advices given by the chancellor pursuant to request diminish the power of the executrix. Such sale needed no order of court to justify it. Buckingham v. Wesson, 54 Miss. 526.

Reversed and remanded.